**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KEISHA MOREEN KNIGHT,<br><br>Plaintiff, *pro se*,<br><br>v.<br><br>SOUTHWEST AIRLINES, *et al.*,<br><br>Defendants. | ) | Civil Action No. 8:25-cv-02007-LKG<br><br>Dated: November 20, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the Plaintiff *pro se*, Keisha Moreen Knight, brings race, color, national origin and age-based discrimination and retaliation claims arising from her employment, against the Defendants, Southwest Airlines ("Southwest"), Noemi Moreno, and Blair Hacker, pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* *See generally* ECF No. 1. The Defendants have moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. The motion is fully briefed. ECF Nos. 10, 17 and 19. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss (ECF No. 10) and (2) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff brings race, color, sex, national origin and age-based discrimination and retaliation claims arising from her employment with Southwest against the Defendants, pursuant to Title VII and the ADEA. *See generally* ECF No. 1. Specifically, the Plaintiff asserts the following claims against the Defendants in the complaint: (1) discrimination, in violation of Title VII and the ADEA, and (2) retaliation, in violation of

[1] The facts recited in this Memorandum Opinion are taken from the complaint; the Defendants' motion to dismiss and the memorandum in support thereof; the Plaintiff's response in opposition thereto; and the Defendants' reply brief. ECF Nos. 1, 3, 4, 5, 10, 10-1, 17 and 19.

Title VII and the ADEA. *Id.* at 5. As relief, the Plaintiff seeks, among other things, to recover monetary damages from the Defendants. *Id.* at Relief.

<u>The Parties</u>

Plaintiff Keisha Moreen Knight is a resident of Maryland. *Id.* at 2.

Defendant Southwest Airlines is a corporation with an office located in Dallas, Texas. *Id.*

Defendant Noemi Moreno is a resident of Texas. *Id.* at 3.

Defendant Blair Hacker is a resident of Texas. *Id.*

<u>Case Background</u>

As background, the Plaintiff identifies as a Black woman, and she is an employee of Southwest. *Id.* at 6; ECF No. 17 at 2. In the complaint, the Plaintiff alleges that Southwest subjected her to random drug tests as a condition of her employment in a discriminatory manner. ECF No. 1 at 6.

Specifically, the Plaintiff alleges that she completed a customary, random drug test, at, the request of Southwest, on June 29, 2024. ECF No. 3 (Notice of Selection for FAA-Mandated Random Drug Testing); ECF No. 4 at 6. The Plaintiff also alleges that this drug test yielded a result of "unreadable." ECF No. 3 at 6. And so, the Plaintiff alleges that the medical review officer overseeing the drug test contacted her to discuss the test results on July 15, 2024. *Id.*

Thereafter, the Plaintiff alleges that Southwest requested that she complete a direct observation drug test, which was administered by Defendant Noemi Moreno, on July 22, 2024. ECF No. 1 at 6; ECF No. 4 at 2 (Notice of FAA Required Direct Observation). In this regard, the Plaintiff alleges that she was surprised to have been asked to complete a direct observation drug test, that she was required to "lift up [her] shirt, and pull [her] pants and underwear down to [her] knees" to complete the drug test and Defendant Blair Hacker "enforced use of the drug test." ECF No. 4 at 6; ECF No. 1 at 6.

The Plaintiff contends that the Defendants' request that she complete this direct observation drug test was a discriminatory act, because the Defendants "us[ed] false company policies to force [her] to take a random drug test that was not regulated by the [Department of Transportation] guidelines and policies or Southwest." ECF No. 1 at 6. The Plaintiff also contends that, as a result of the "harrowing, traumatizing and humiliating" drug test, she has endured "los[s] of enjoyment working for Southwest Airlines for the past year." *Id.* at 8. And so, the Plaintiff seeks to recover monetary damages from the Defendants. *Id.*

On April 6, 2025, the Plaintiff sent an email to a Vice President at Southwest, regarding her concerns about the July 22, 2024, direct observation drug test. ECF No. 4 at 6-7. In this email, the Plaintiff states, among other things, that she did not believe that the direct observation drug test was legal and that she "has been a Southwest employee for 10 years and [has] been promoted to different capacities and locations within the company." *Id.* at 7.

The Plaintiff also met with a labor and employment attorney for Southwest, Collin Ray, regarding her complaint. *Id.* at 9. In his April 16, 2025, email to the Plaintiff, Mr. Ray advised that Southwest investigated the Plaintiff's concerns and did not find "any evidence of targeting, discrimination, or inappropriately applying the Southwest Airlines Drug and Alcohol Policies." *Id.*

On April 25, 2025, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 1-2 at 3. On April 29, 2025, the EEOC sent the Plaintiff a right-to-sue letter. *Id.* at 1-2. The Plaintiff commenced this civil action on June 23, 2025. ECF No. 1.

### B. Procedural Background

The Plaintiff commenced this civil action on June 23, 2025, and she supplemented the complaint several times thereafter. ECF Nos. 1, 3, 4 and 5.

On April 2, 2026, the Defendants filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 10 and 10-1.

On April 16, 2026, the Plaintiff filed a response in opposition to the Defendants' motion to dismiss. ECF No. 17. On April 30, 2026, the Defendants filed a reply brief. ECF No. 19.

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them

in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

**B. *Pro Se* Litigants**

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

**C. Title VII And ADEA**

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. *See* 42 U.S.C. § 2000e. The Age Discrimination in Employment Act protects certain applicants and employees who are 40 years of age and older from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment. 29 U.S.C. § 623(a); *Westmoreland v. TWC Admin., LLC*, 924 F.3d 718, 725 (4th Cir. 2019).

Under Title VII and the ADEA, a plaintiff must file a charge with the EEOC before filing suit in a federal court. 42 U.S.C. § 2000e–5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA). There are two methods for proving intentional discrimination in employment under Title VII and the ADEA: (1) through direct or indirect evidence of intentional discrimination, or (2) through circumstantial evidence under the three-step, burden-shifting scheme set forth

by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). For the first method, an employee may utilize "ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue." *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 606–07 (4th Cir. 1999) (quoting *Tuck v. Henkel Corp.*, 973 F.2d 371, 374 (4th Cir. 1992)); *see also Taylor v. Becerra*, No. 21-1469, 2023 WL 8113113, at *5 (D. Md. Nov. 22, 2023) (same for ADEA cases). If direct or indirect evidence of intentional discrimination is lacking, a plaintiff may proceed under *McDonnell Douglas*. *See Tuck*, 973 F.2d at 374.

Under the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination. 411 U.S. at 802. If a plaintiff establishes a *prima facie* case of discrimination, the burden of production shifts to the defendant to present a legitimate, nondiscriminatory reason for the adverse employment action alleged. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). If the defendant succeeds in doing so, that showing will rebut the presumption of discrimination raised by the plaintiff's *prima facie* case. *See Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 429 (4th Cir. 2000) (citing *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 n. 10 (1981)). The plaintiff then must "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 253. And so, "[t]he plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against her." *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (citing *Burdine*, 450 U.S. at 253).

Relevant to the pending motion to dismiss, a plaintiff may establish a *prima facie* case of discrimination based upon her race/color or sex, by showing that: (1) she is a member of a class protected by Title VII; (2) her job performance was satisfactory; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside her protected class received more favorable treatment. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (a Title VII plaintiff must show: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job satisfactorily at the time of the adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination.). In this regard, the Supreme Court has held that an adverse employment action is one that affects employment or alters the conditions of the workplace. *Burlington N. & Santa Fe Ry., Co. v. White*, 548 U.S. 53, 62 (2006); *Herkert v. Bisignano*, 151 F.4th 157, 164 (4th Cir. 2025)

(finding that to show an adverse employment action, a plaintiff must show "some disadvantageous change in an employment term or condition.") (quoting *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024)).

Lastly, Title VII's anti-retaliation provision makes it unlawful "for an employer to discriminate against [an] . . . employee[] . . . because he has opposed any practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation . . . ." 42 U.S.C. § 2000e-3. A Title VII plaintiff "may prove a Title VII retaliation claim either through direct evidence of retaliatory animus or via the application of the *McDonnell Douglas* burden-shifting framework." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021). And so, a Title VII plaintiff may prevail under the burden-shifting framework by showing that she: (1) "engaged in protected activity"; (2) "h[er] employer took an adverse action against h[er]"; and (3) that "a causal relationship exist[s]" between the plaintiff's protected activity and the employer's adverse action. *See id.* In this context, the Supreme Court has also held that an "adverse action" means that "a reasonable employee would have found the challenged action materially adverse . . . which . . . means it . . . might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *White*, 548 U.S. at 68; *see also Laurent-Workman v. Wormuth*, 54 F.4th 201, 213 (4th Cir. 2022) (internal quotations omitted) (explaining that the Supreme Court widened the scope of conduct that can constitute an adverse action by an employer from solely conduct that affects an employee's "compensation, terms, conditions, or privileges of employment").

If a Title VII plaintiff establishes a *prima facie* case of retaliation, "the burden shifts to the employer to show that it took adverse action for a legitimate non-retaliatory reason." *Roberts*, 998 F.3d at 122 (citation omitted). And so, if the employer provides a legitimate non-retaliatory reason, "the burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating the employer's purported non-retaliatory reasons were pretext for discrimination." *Id.* The Fourth Circuit has held that this same analysis applies to retaliation claims brought under the ADEA. *See Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022).

## IV. ANALYSIS

The Defendants have moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that the Plaintiff fails to state plausible discrimination and retaliation claims under Title VII and the ADEA, because: (1) the complaint lacks sufficient facts to show that the Plaintiff's job performance was satisfactory; (2) the complaint fails to allege facts to show that the Plaintiff was subjected to an adverse employment action; (3) the complaint lacks

sufficient factual allegations to create an inference of unlawful discrimination; and (4) the Plaintiff has not alleged facts to show that she engaged in a protected activity. ECF No. 10-1 at 6-9. And so, the Defendants request that the Court dismiss the complaint. *Id.* at 9.

The Plaintiff does not directly address many of the arguments raised by the Defendants in her response in opposition to their motion to dismiss. ECF No. 17. But the Plaintiff counters that the Court should not dismiss this matter, because she sufficiently alleges in the complaint that the Defendants applied Southwest's drug testing procedures in a discriminatory manner, based upon her race, sex and age, and that similarly situated employees outside of her protected classes were not subjected to the same drug testing procedures or discipline. ECF No. 17 at 1-3. And so, the Plaintiff requests that the Court deny the Defendants' motion to dismiss. *Id.* at 3. In the alternative, the Plaintiff seeks leave to further amend the complaint. *Id.*

For the reasons that follow, a careful reading of the complaint makes clear that the Plaintiff fails to state plausible Title VII and ADEA discrimination and retaliation claims in this case, because the complaint lacks sufficient factual allegations to show an adverse employment action, or that she engaged in a protected activity. And so, the Court: (1) GRANTS the Defendants' motion to dismiss (ECF No. 10) and (2) DISMISSES the complaint.

**A. The Plaintiff Fails To State Plausible Discrimination Claims**

As an initial matter, a careful reading of the complaint shows that the Plaintiff fails to state plausible Title VII and ADEA discrimination claims in this case, because she does not allege facts to show that she was subjected to an adverse employment action. To state a *prima facie* case of discrimination under Title VII and the ADEA, the Plaintiff must allege facts to show that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside her protected class received more favorable treatment. *See Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). The Supreme Court has held that an adverse employment action is one that affects employment or alters the conditions of the workplace. *Burlington N. & Santa Fe Ry., Co. v. White*, 548 U.S. 53, 62 (2006); *Herkert v. Bisignano*, 151 F.4th 157, 164 (4th Cir. 2025) (finding that to show an adverse employment actions, a plaintiff must show "some disadvantageous change in an employment term or condition") (quoting *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024)). This Court has also held that an adverse employment action must have occurred

under circumstances that raise a reasonable inference of unlawful discrimination. *Gaines v. Baltimore Police Department*, 657 F. Supp. 3d 708, 735 (D. Md. 2023).

In this case, the Plaintiff alleges that she was subjected to an adverse employment action when the Defendants requested that she complete a direct observation drug test on July 22, 2024. ECF No. 1 at 6. In this regard, the Plaintiff alleges that the Defendants "us[ed] false company policies to force [her] to take a random drug test that was not regulated by the [Department of Transportation] guidelines and policies." *Id.*

But accepting these factual allegations as true, the Plaintiff fails to explain how being required to complete the direct observation drug test caused a disadvantageous change in the terms or conditions of her employment with Southwest. In fact, while the Plaintiff alleges that the direct observation drug test was "harrowing, traumatizing and humiliating," she does not explain how this experience disadvantageously altered the terms or conditions of her employment with Southwest. ECF No. 1 at 8; ECF No. 4 at 6-7.

The complaint also lacks sufficient facts to raise a reasonable inference of unlawful discrimination with regards to the direct observation drug test. *See Gaines*, 657 F. Supp. 3d at 735. In this regard, the Plaintiff generally alleges that this drug test was discriminatory. ECF No. 1 at 6. But beyond alleging that she is a member of a protected class under Title VII and the ADEA, the Plaintiff puts forward no factual allegations to show that the Defendants' request that she complete a direct observation drug test was motivated by discriminatory animus. *See generally* ECF No. 1; ECF No. 4 at 7 (acknowledging that the Plaintiff does not know what motivated Defendant Noemi Moreno to request the July 22, 2024, direct observation drug test).

Given this, the Court agrees with the Defendants that the complaint lacks sufficient factual allegations to support the Plaintiff's Title VII and ADEA discrimination claims. And so, the Court DISMISSES these claims.[2] Fed. R. Civ. P. 12(b)(6).

**B. The Plaintiff Fails To State Plausible Retaliation Claims**

The Plaintiff's Title VII and ADEA retaliation claims are also problematic. To state plausible retaliation claims under these statutes, the Plaintiff must allege facts to show, among other things, that she engaged in a protected activity under Title VII and the ADEA. *Roberts*

---

[2] The Defendants also argue that the complaint lacks sufficient factual allegations to show that the Plaintiff had a satisfactory job performance at the time of the July 22, 2024, direct observation drug test. ECF No. 10-1 at 6-7. While the Court agrees that the Plaintiff does not specifically allege that her job performance was satisfactory on that date, the Plaintiff does allege that she "has been a Southwest employee for 10 years and [has] been promoted to different capacities and locations within the company" and that she has "gained the respect of [her] colleagues." ECF No. 4 at 7.

*v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021). But the complaint lacks facts to show that the Plaintiff engaged in such protected activity.

Notably, the Plaintiff alleges that she submitted an internal complaint to Southwest regarding the direct observation drug test in April 2025. ECF No. 4 at 6-7. But this internal complaint neither alleges that the Defendants requested that the Plaintiff complete the subject drug test because of her race, color, sex or age, nor that the Plaintiff was treated differently than similarly situated individuals outside of these protected classes with regards to the drug test. ECF No. 4. The complaint also makes clear that the Plaintiff submitted her internal complaint to Southwest several months *after* the Defendants requested that she complete the direct observation drug test on July 22, 2024. ECF No. 4. Given this, the Plaintiff cannot base her retaliation claims on protected activity that occurred after the alleged retaliatory act, namely the July 22, 2024, drug test.

Given these concerns, the Plaintiff's retaliation claims are not plausible. And so, the Court must also DISMISS these claims.[3] Fed. R. Civ. P. 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendants' motion to dismiss (ECF No. 10); and

(2) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

[3] The Plaintiff also has not shown that further amendment of the complaint would remedy the concerns identified by the Court. ECF No. 17; *see also* Fed. R. Civ. P. 15(a).